IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **United states of America** : | |
| : | |
| v. : | |
| : | |
| **Steven M. Dragoo** : | Case No.: 23-cr-208 |
| **Kinberly R. Dragoo,** : | |
| : | |
| **Defendants** : | |
| : | |
| : | |

**Defendants' Sentencing Memorandum**

**I.   Introduction**

Defendants stand before the Court prepared to be sentenced for the petty offense of Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. sec.5104(e)(2)(G).  Defendants pled guilty on August 11, 2023 before the Honorable Beryl A. Howell.  Judge Howell deferred sentencing pending Presentence Investigation Reports.  Counsel have reviewed these reports with Defendants making minor revisions approved by Senior U.S. Probation Officer Ruth C. Yorke and filed with the Court.  Pretrial Services Officer Kimberly Cole attested to the Court as of November 15, 2023 concerning Defendants' adhering to the terms of their release pending sentencing.  Defendants respectfully request the Presentencing Reports and status reports from Pretrial Services be incorporated herein by reference.

**II.   Factual and Procedural Background**

1

Defendants agree with the summary as presented in the Presentence Investigation Reports of their participation at the United States Capitol on January 6, 2021.  Making no effort to hide their involvement, Defendant(s) posted pictures from that day on social media and spoke freely about being at the Capitol on January 6th.  Later, Defendants cooperated with investigators sent to interview them on January 20, 2021 admitting without hesitation their presence inside the Capitol on January 6,th describing then leaving after reaching a corridor where police blocked protestors from passing further into the building.

More than two years later, the government charged defendants by information and almost immediately the Attorney for the Government and undersigned counsel reached a proposed partial plea agreement.  That agreement then led to the Defendants pleading guilty on August 11, 2023 to the single count before the Court.  In the nearly three years since the incident, Defendants have lived at home and avoided engaging in criminal conduct, nor any conduct whatsoever that would constitute a violation of the conditions of their release leading up to sentencing.  They have appeared each time the government or the Court has required them to do so, including traveling from their home near Kansas City, Missouri for the guilty pleas on August 11th  and are scheduled to do so again for sentencing on December 1, 2023.

**III.    Argument**

Defendants do not make excuses to this Honorable Court for their conduct on January 6, 2021.  When viewed in their entirety, Defendants recognize the actions of the persons responsible for initiating a breach on the United States Capitol are objectively reprehensible.  Those persons with violence on their minds and destruction (both physically and to the welfare of the nation) in their hearts deserve the indignation and contempt of their fellow citizens.  Mr. and Mrs. Dragoo, however, are not among those malevolent souls seeking to do the United States wrong.

While they certainly have learned the lesson of their lifetimes, Defendants did not, and indeed could not, know the severity of their actions taken in conjunction with others pulled into the web of violence by those truly seeking harm against the foundations of America.  The Dragoos did not perceive the totality of the events of which they formed a part.  Their perceptions were limited to themselves and what they saw, heard, and thought they "knew" to be true.  Their actions after the event demonstrate the opposite of "consciousness of guilt."  Rather, their behavior reflects their failure previously to understand the magnitude of the damage from that day on the psyche of the Nation.  Having seen the events of January 6, 2021 in filmed renditions from multiple angles and vantage points showing breaches at other points from where the Dragoos entered the Capitol, Defendants after the fact can see themselves as part of the whole.  This, as opposed to an independent pair of actors not part of the mass.  Defendants now recognize that they should have known their participation that day would add to American's collective

sense of insecurity, fear, and divisiveness.  Defendants are good people who acted myopically and foolishly.

Give the recent decision in *United States v. Little*, 78 F.th 453 (DC Cir. 2023).  Defendants recognize that the Court is likely faced with weighing the relative benefits of sentences[1] involving up to six (6) months in jail, or up to five (5) years' probation, but the imposition of both a jail term and probation is no longer an available option.[2]

A pair of one year probation terms for each defendant under the conditions articulated in the Presentence Investigation Report, Defendants urge, is sufficient sanction for the present violation.[3]  Defendants' offenses were serious (engaging in prohibited conduct under circumstances when tensions were running high and the Congress was on business of the utmost importance to the United States), Defendants' participation was, relative to the actions of some of the group, minor and neither Mr. nor Mrs. Dragoo is alleged to have caused damage to the Capitol building nor engaged in violence against police or anyone else. Neither has any criminal history, and each are citizens held in high regard by their community as evidenced by the attached character letters (see **Exhibit "A"** collectively).  Focusing on these individual Defendants, the nature and circumstances of the offenses, and the history and their

---

[1] Defendants have similar backgrounds and lack of criminal history.  They were together throughout their involvement on January 6, 2021, though they recognize the Court will consider their cases individually.
[2] Under 18 C.S.A. sec. 3551(b)(2), the Court *could* determine that Defendants have, effectively, been under supervision since January 20, 2021 when first they admitted their involvement and impose a fine only.
[3] The Presentence Investigation Reports do not recommend the Court impose jail terms for either Defendant.

characteristics, Defendants respectfully suggest the crimes do not warrant incarceration.

While the specter of punishment for their activities of January 6, 2021 has hung over Defendants' heads for going-on three years, they have done all that was asked of them.  Defendants cooperated with investigators, reached the decision to pled guilty very shortly after informations were filed, appeared wherever and whenever required including traveling from Missouri to DC (soon to be twice), pled guilty, spoke candidly with the Probation Department, suffered the indignity of being handcuffed and held outside their home during a search warrant, and have otherwise led law-abiding lives.  They admit what they did was "way out of bounds," and exactly what they taught their children *not* to do: "just because everyone else was doing it…, etc."  Defendants have taken responsibility for their foolish behavior and admitted their culpability. They have shown their respect for the law by their actions upon understanding what they did was wrong and unacceptable.  Given these affirmative steps to demonstrate their respect for the law, Defendants respectfully suggest that a probationary sentence strikes the proper balance between the severity of the Defendant's conduct and their rehabilitative needs.

For people who have never been arrested in their lives, to have undergone the ordeal of being subjects of a federal criminal investigation, hiring private counsel, possible indictment, arrest, pre-trial release conditions, presentence investigations, guilty pleas, and pending sentencings, these things were and are shocks to Defendants.  Everything involving the investigation and

prosecution of these defendants has served the deter them from ever again committing another crime, much less a crime against the United States. Perhaps of equal significance, all that has happened to them has made them wary of being in a position where they could be accused of a crime because of the company they keep. Defendants (and their counsel) observe the deterrent aspect of the criminal justice system has worked extremely well.

Similarly, because of the profound effect their arrest and prosecution has had upon them (and in their community) the public need have no fear from the Dragoos ever again. A necessary ancillary effect of "overwhelming deterrence," that the Government has achieved here with the Dragoos, is that not only are the Dragoos deterred for committing another crime, anyone looking at their plight sees and thus knows that the same punishing investigation and prosecution awaits such other persons if they think they can "get away with" committing a crime against the United States. Defendants suggest no further deterrence (such as a jail term) is necessary to achieve maximum deterrent value.

## IV.  Conclusion

**Wherefore**, Defendants respectfully request this Court conclude that a term of imprisonment is unnecessary for the reasons stated above (and the evidence of record) and impose such non-custodial sentences as are consistent with the interests of justice and the rehabilitative needs of the Defendants. The aforementioned terms of one-year probations, Defendants suggest, along with

such fiscal penalties the Court might concurrently order would accomplish the goals imposed at 18 U.S.C. sec.53553.

                              Respectfully Submitted,

                              _/s/Bruce L. Castor, Jr._

                              Bruce L. Castor, Jr.
                              Van der Veen, Hartshorn, & Levin
                              1217 Spruce St.
                              Philadelphia, PA 19107
                              P. (215) 546-1000
                              D (215) 422-4194
                              F (215) 5468529

Date: November 21, 2023

# Exhibit "A"

# Letters